# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Lavonte Glover,

    Plaintiff

v.

J. Howell, et al.,

    Defendants

Case No.: 2:20-cv-00845-JAD-DJA

**Screening Order Dismissing Complaint with Leave to Amend**

Plaintiff Lavonte Glover sues J. Howell, S. Brooks, H. Wickham, and Ben Guiterra under 42 U.S.C. § 1983, claiming that his civil rights were violated when he fell off his bunk while incarcerated at Southern Desert Correctional Center.[1] He alleges that the defendants ignored and denied his grievance reports, despite being aware of his disability and improper assignment to a top bunk.[2] Because he applies to proceed in forma pauperis,[3] I screen his complaint under 28 U.S.C. § 1915A. I find that Glover cannot plead his negligence claim in federal court, so I dismiss that claim without prejudice and without leave to amend. But because Glover's complaint is entirely unclear and fails to provide causes of action against the defendants, I grant him leave to amend to assert a different, cognizable claim by July 2, 2021.

---

[1] ECF No. 1-1 (complaint).
[2] *Id.* at 2–3.
[3] ECF No. 1.

**Discussion**

I. **Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[4] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[5] All or part of the complaint may be dismissed sua sponte if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[6]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[7] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[8] Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers,[9] but a plaintiff must provide more

---

[4] *See* 28 U.S.C. § 1915A(a).

[5] *See id.* at § 1915A(b)(1)(2).

[6] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[7] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[8] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[9] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

than mere labels and conclusions.[10] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[11] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

**II.     Glover's unspecified claim**

Glover does not bring any specific causes of action, and instead complains of injuries he received after falling off his top bunk.[13] In his request for relief, Glover states that he wishes to be compenstated for the injury, which resulted from the officials' purported negligence in failing to tell his cellmate to move.[14] So I liberally construe the complaint as asserting a negligence claim. Although the State of Nevada has waived sovereign immunity for state-law tort actions in state court,[15] the State and arms of the state cannot be sued in federal court under § 1983.[16] In *Stanley v. Trustees of California State University*, the Ninth Circuit held that 28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state-law claims.[17] And while the State of Nevada may consent to federal-court jurisdiction for state-law claims through removal,

---

[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[12] *Id.*

[13] ECF No. 1-1 at 3.

[14] *Id.* at 9.

[15] Nev. Rev. Stat. § 41.031(1), (2) ("In any action against the State of Nevada, the action must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit.").

[16] *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada has explicitly refused to waive its immunity to suit under the [E]leventh [A]mendment . . . . The Supreme Court has made it clear that [§] 1983 does not constitute an abrogation of the [E]leventh [A]mendment immunity of the states"); *see also Craig v. Donnelly*, 439 P.3d 413, 414 (Nev. Ct. App. 2019) ("[T]he State cannot be named as a party to a plaintiff's § 1983 civil rights claims.").

[17] *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1133–34 (9th Cir. 2006).

this is not a removed case.[18] So I find that Glover must raise his negligence claim in state court, and I dismiss Glover's complaint without prejudice and without leave to amend in this court.[19] But because Glover did not clearly articulate what claim he was attempting to bring, it is entirely possible that he is attempting to assert something other than a negligence claim. So I grant him leave to file an amended complaint. If Glover wishes to file an amended complaint, he must specifically articulate what claim or claims he is bringing and allege facts that demonstrate how each individual defendant is responsible for any alleged violations.

C.  **Leave to amend**

If Glover chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[20] He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Glover must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege **facts** sufficient to show what **each** defendant did to violate his civil rights. **He must file the amended complaint by July 2, 2021.**

---

[18] *See Lapides v. Bd. of Univ. Sys. Of Ga.*, 535 U.S. 613, 619 (2002) (holding that the state's removal of suit to federal court constitutes a waiver of its sovereign immunity).

[19] *See Hirst v. Gertzen*, 676 F.2d 1252, 1264 (9th Cir. 1982) (holding that, when Montana law deemed governmental entities indispensable parties in a state-tort claim against a state employee, the federal court had no supplemental jurisdiction over the state-tort claim if it had no jurisdiction over the indispensable party).

[20] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original."); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

## Conclusion

IT IS THEREFORE ORDERED that Lavonte Glover's application to proceed in forma pauperis [ECF No. 1] is DEFERRED.

IT IS FURTHER ORDERED that Glover's complaint **[ECF No. 1-1] is DISMISSED** without prejudice and with leave to amend by July 2, 2021.

IT IS FURTHER ORDERED that Glover's negligence theory is dismissed without prejudice and without leave to amend.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint [ECF No. 1]. If plaintiff chooses to file an amended complaint, he must use the approved form and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption. **If Glover does not file an amended complaint by July 2, 2021, this action will be dismissed with prejudice for failure to state a claim.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: June 2, 2021