# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Lavonte Glover,

      Plaintiff

v.

Howell, et al.,

      Defendants

Case No.: 2:20-cv-00845-JAD-DJA

**Order Dismissing Action**

      Plaintiff Lavonte Glover brings this civil-rights case under § 1983 for events he alleges occurred during his incarceration at Southern Desert Correctional Center.[1]  The complaint did not state what claims Glover was bringing, but briefly mentioned the defendants' negligence.  On June 2, 2021, I issued a screening order, which dismissed any state law negligence claim without prejudice and without leave to amend.[2]  I gave Glover leave to file an amended complaint to the extent he wanted to bring any federal claims.  I ordered Glover to file any amended complaint by July 2, 2021, and I expressly warned him that his failure to timely comply with the order would result in the dismissal of this case.[3]  The deadline has passed, and Glover has not filed an amended complaint.[4]

---

[1] ECF No. 1-1 (complaint).

[2] ECF No. 3 (order).

[3] *Id*.

[4] Glover updated his address shortly after I issued my screening order (ECF No. 4), and the screening order was returned as undeliverable.  ECF No. 5.  However, the screening order was remailed to Glover's updated address on June 14, 2021.  Thus, Glover has had ample opportunity to respond to the screening order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[5] A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[6] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[7]

I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[8] The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement.[9] Glover was warned that his case would be dismissed with prejudice if he failed to file an amended complaint by July 2,

---

[5] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[6] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[7] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[8] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[9] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

2021.[10]  So, Glover had adequate warning that his failure to file an amended complaint by the deadline would result in this case's dismissal.

Accordingly, IT IS HEREBY ORDERED that any federal claims are **DISMISSED** with prejudice, based on Glover's failure to file an amended complaint in compliance with this court's June 2, 2021, order;

Glover's state law claims are **DISMISSED** without prejudice, but without leave to amend, as ordered in this court's June 2, 2021, order;

T**his action is DISMISSED** in its entirety;

Glover's application to proceed *in forma pauperis* **[ECF No. 6] is DENIED** as moot; and

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: July 21, 2021

_____
U.S. District Judge Jennifer A. Dorsey

---

[10] ECF No. 3 (order).